IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICOLAS ALFONSO PADRON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:18-cv-1831-G (BT) |
| | § | (Consolidated with No. |
| UNITED STATES OF AMERICA, | § | 3:18-cv-2924-G (BT)) |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Nicholas Padron, a federal prisoner who is proceeding *pro se* and *in forma pauperis*, has filed a complaint for the return of property. For the following reasons, the complaint should be dismissed.

I.

Plaintiff seeks to recover certain property that was forfeited in his criminal case. He argues he owned the property prior to any criminal conduct, so the property should not have been forfeited.

This is not the first complaint Plaintiff has filed seeking return of this property. On January 31, 2017, Plaintiff filed his first motion seeking return of this property. *See Padron v. United States*, No. 3:17-cv-1629-M (ECF No. 4.) On June 20, 2017, the district court denied relief. Undeterred, Plaintiff filed this action and later filed *Padron v. United States*, No. 3:18-cv-2924-G, seeking the same relief. These two cases were consolidated. Plaintiff also filed

1

a complaint under *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971), seeking return of this property.  *See Padron v. Hernandez*, 3:18-cv-1324-B (BN).  On October 11, 2018, the district court dismissed the complaint under *Heck v. Humphrey*, 512 U.S. 477 (1994).

The Court should likewise dismiss this complaint.  As the Court discussed in Plaintiff's first complaint seeking return of this property:

> Defendant . . . lacks standing to assert a claim to the forfeited property. The district court's February 6, 2014, preliminary forfeiture order was a final judgment as to Defendant's rights to the forfeited property.  The preliminary forfeiture order became final as to Defendant at his sentencing. Defendant's property rights to the assets specified in the preliminary forfeiture order were "extinguished upon entry of the preliminary order of forfeiture at the time of the criminal judgment." After entry of judgment, Defendant's only remedy was a direct appeal.  Although Petitioner filed a direct appeal, he did not challenge the forfeiture in his appeal. Petitioner therefore lacks standing to contest the forfeiture in his current motion.

*See Padron v. United States*, No. 3:17-cv-1629-M (ECF No. 5), *rec. adopted* June 20, 2017 (internal citations omitted).  Plaintiff lacks standing to assert any right to this property.  His complaint should therefore be dismissed.

## II.

In view of Plaintiff's numerous actions seeking return of this forfeited property, the Court recommends that Plaintiff be warned that if he continues to file frivolous actions seeking return of this property he may be subject to sanctions, including monetary sanctions.

III.

Plaintiff's complaint should be dismissed for lack of standing and Plaintiff should be warned that further frivolous filings may result in sanctions.

Signed January 7, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).